UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:12-CR-101 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| TERRANCE MCCULLOUGH | ) | |

**M E M O R A N D U M**

Defendant Terrance McCullough ("Defendant") filed a motion to suppress evidence discovered after what Defendant argues was an unlawful arrest (Court File No. 45). The motion was referred to United States Magistrate Judge Susan Lee, who held a hearing on August 20, 2013 and subsequently filed a Report and Recommendation ("R&R") concluding that Defendant's motion should be denied (Court File No. 54). Defendant timely objected (Court File No. 55), and the government timely responded to the objection (Court File No. 56). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 54). Accordingly, Defendant's motion to suppress will be **DENIED** (Court File No. 45).

**I.    RELEVANT FACTS**

The following recitation of facts is derived primarily from the Magistrate Judge's R&R. On February 28, 2012, Chattanooga Police Department patrol officer Cristina Henderson ("Officer Henderson") saw the car Defendant was a passenger in illegally turn right on red. She also suspected a window tint violation. When she pulled up behind the vehicle and turned on her patrol car's blue lights, the vehicle delayed before moving to the right-hand lane. Then a "big white bag" was thrown out of the passenger window. After the car pulled into a parking lot, Officer Henderson called for backup and remained in her patrol car. Officer Henderson was cautious because of the occupant's suspicious behavior and the tinted windows did not allow her to see inside.

Once the driver was secured, Officer Henderson and a backup officer approached the front passenger side. Upon request, Defendant stepped out of the vehicle. The defendant then reached for his shirt near his waistband and said, "I got some right here." Concerned Defendant might be reaching for a gun, Officer Henderson immediately handcuffed Defendant and conducted a pat down for weapons. She felt a large bulge at Defendant's waistband area. She pulled it out and recognized it was likely marijuana.

She proceeded to read Defendant his *Miranda* rights. He replied by saying something to the effect of "just take me to jail." She completed her pat down, finding $363.00 in Defendant's pocket. Afterward, she picked up the white bag that had been thrown from the window and found suspected crack cocaine inside. She asked Defendant if it was his bag, and he said, "You saw it come out of my window, just take me to jail."

The driver consented to a search of the car. Inside, officers found digital scales and baggies on the passenger-side floorboard. The driver, who told police he was just giving Defendant a ride and did not know about the drugs, was released with traffic citations. On the way to jail, Defendant said to Officer Henderson, "You better hope I don't get a bond because if I do, they ain't never gonna find me, and they ain't never gonna find you either."

Defendant was charged with intent to distribute 28 grams or more of crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Defendant filed the instant motion to suppress all evidence and statements on the ground that Defendant's Fourth Amendment rights were violated by an arrest without probable cause. The motion was referred to Magistrate Judge Susan K. Lee, who held a hearing on the motion. The Magistrate Judge then filed an R&R recommending the motion be denied. The Magistrate Judge found that (1) Officer Henderson was credible in her

testimony that Defendant reached for his waistband when he said, "I got some right here;" (2) Officer Henderson was credible in her testimony that she discovered the bag of marijuana as part of a weapons pat down before reading Defendant his *Miranda* rights; (3) putting Defendant in handcuffs was done for officer safety during a legal *Terry* stop and did not indicate an arrest; (4) Officer Henderson had probable cause to arrest Defendant after finding the bag of marijuana; and (5) the officers would have inevitably discovered all of the evidence after a reasonable detention of Defendant and an examination of the bag of crack cocaine thrown from the car window.

After the Magistrate Judge filed her R&R, Defendant timely filed an objection, to which the government responded. Defendant objects to (1) the Magistrate Judge's finding that Officer Henderson was credible in her testimony that she found the bag of marijuana *before* reading Defendant his *Miranda* rights, and (2) the Magistrate Judge's conclusion that Officer Henderson had probable cause to arrest Defendant.

## II. **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). But *de novo* review does not require the district court to rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *See Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264-65 (6th Cir. 1999). The Magistrate Judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir.

2003).

## III. DISCUSSION

### A. Credibility Determination

Defendant argues that the Magistrate Judge should not have found Officer Henderson credible when she testified that she found the bag of marijuana as part of a pat down and before she read Defendant his *Miranda* rights. Defendant points to the police report, which appears to indicate the marijuana was found after the arrest, not before it: "[Defendant] was asked to step out of the vehicle, when he did he stated 'I got some here'. Police placed him in custody, verbally Mirandized him and searched his person, finding a clear plastic baggy containing suspect marijuana and $363.00 cash . . ." (Court File No. 45-1). During the hearing, however, Officer Henderson testified that she found the bag of marijuana in Defendant's waistband while conducting a pat down for weapons. Defendant asserts that the eighteen-month passage of time between the arrest and the suppression hearing counseled against finding Officer Henderson credible.

The Magistrate Judge, however, did find the testimony credible, noting that "[w]hile there are some inconsistencies between Henderson's testimony and her report, and more detail in her testimony than in her report, I FIND the inconsistencies and lack of greater detail do not indicate Henderson fabricated her testimony in any way" (Court File No. 54). Because the Magistrate Judge's could "observe and hear the witnesses and assess their demeanor," she was "in the best position to determine credibility." *Moss*, 286 F.3d at 868. Thus, without sufficient reason to question it, the Court will defer to the Magistrate Judge's finding that Officer Henderson was credible when she testified to finding the marijuana during a pat down and before reading Defendant

4

his *Miranda* rights. *See Irorere*, 69 F. App'x at 236.

### B. Arrest

Defendant also objects to the Magistrate Judge's determination that police officers had probable cause to arrest Defendant. Specifically, Defendant argues that Officer Henderson effected an arrest when she handcuffed and frisked Defendant, and this arrest lacked probable cause because the marijuana had not been found by the time the handcuffs were used. Defendant's argument hinges on an arrest occurring before the marijuana was found. If, on the other hand, it was found during a *Terry* stop protective pat down, there would be probable cause to arrest. *See United States v. Walker*, 181 F.3d 774, 778 (6th Cir. 1999) ("[P]olice may seize non-threatening contraband detected by touch during a protective pat-down search if the search stays within the bounds marked by *Terry* .") (citing *Minnesota v. Dickerson*, 508 U.S. 366, 113 (1993)); *United States v. Thomas*, 138 F. App'x. 759, 762 (6th Cir. 2005) (concluding officers have probable cause to arrest after observing suspected contraband in defendant's possession).

"There is no bright-line test for determining when an investigatory stop crosses the line and becomes an arrest." *United States v. Williams*, 170 F. App'x 399, 402 (6th Cir. 2006). Instead a court undertakes a fact-sensitive inquiry, taking into account the totality of the circumstances. *Id.* at 403. A court considers a variety of factors: "(1) transportation of the detainee to another location; (2) significant restraints on freedom of movement involving physical confinement or other coercion; (3) use of weapons or bodily force; and (4) issuance of *Miranda* warnings." *Id.* No single factor is dispositive. *Id.* At the time Defendant was placed in handcuffs, factors one, three, and four point to a *Terry* stop, while only the second factor would suggest the possibility of an arrest, as handcuffing Defendant is a significant restraint of freedom.

5

However, as the Magistrate Judge correctly points out, using handcuffs is not a *per se* indicia of arrest. On the contrary, numerous cases have held that using handcuffs to secure a suspect during an investigative detention does not "exceed the bounds of a *Terry* stop, so long as the circumstances warrant that precaution." *Houston v. Clark Cnty. Sheriff Deputy John Does* 1-5, 174 F.3d 809, 815 (6th Cir. 1999); *see also*, *e.g., United States v. Marxen*, 410 F.3d 326, 332 (6th Cir. 2005) ("The fact that [the defendant] was handcuffed prior to the officers having probable cause to arrest him does not affect the legitimacy of the *Terry* stop.")

The Magistrate Judge found Officer Henderson credible when she testified that after he stepped out of the car, Defendant reached for his waistband and said, "I got some right here." The Court agrees with the Magistrate Judge that Defendant's actions, given the circumstances, created a reasonable fear for officer safety sufficient to warrant using handcuffs during the investigative detention.

Defendant argues that the use of handcuffs in this case should be considered indicia of an arrest because officer Henderson's safety concerns were overblown. Specifically, he asserts the following: (1) suspected littering and tint violations should not engender much fear of safety, (2) Officer Henderson's safety concerns were resolved when backup arrived, and (3) the safety concerns were less acute than in other cases where courts found that handcuff use did not entail an arrest.

Taken together, these are not wholly invalid points. But they do not persuade the Court. Defendant ignores that when Defendant stepped out of his car, he reached for his waist and said, "I got some right here." Such a motion and statement could reasonably put one or more officers in fear for their safety, as people sometimes keep guns in their waistband. This fear is especially pronounced in the context of traffic stops, which are "especially fraught with danger to police

6

officers." *Arizona v. Johnson*, 555 U.S. 323, 324 (2009). Further raising officer safety concerns, after the car Defendant was in did not immediately pull over when Officer Henderson turned her blue lights on, a bag was thrown from the passenger window. This would indicate Defendant might be trying to get rid of contraband, and it is not uncommon for drug traffickers to be armed.

Defendant objects to the Magistrate Judge's finding that Officer Henderson was credible when she testified that Defendant reached for his waist after stepping out of the car. But as the Court stated above, because the Magistrate Judge holding the hearing could "observe and hear the witnesses and assess their demeanor," she was "in the best position to determine credibility." *Moss*, 286 F.3d at 868. The Court find no reason to question her determination. Thus, the Court finds that using handcuffs in this instance was a reasonable safety measure taken in response to Defendant's potentially dangerous actions, occurring in the context of a *Terry* stop not an arrest. And, once the marijuana was discovered as part of the lawful weapons search, there was probable cause to arrest Defendant.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 54). Defendant's motion to suppress will be **DENIED** (Court File No. 45).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

7